IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-15-210-SLP |
| ) | |
| CALEB ALLEN FANNON, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant Caleb Allen Fannon's Motion for Early Termination of Supervised Release [Doc. No. 31]. The Government has responded, *see* [Doc. No. 34], and opposes Defendant's request.

Defendant pled guilty to a one-count Indictment charging him with Bank Robbery, in violation of 18 U.S.C. § 2113(a). *See* [Doc. No. 29]. The Court sentenced Defendant to 46 months' imprisonment and three years of supervised release.[1] *See id*. Defendant has been under supervised release since February 5, 2024. *See* [Doc. No. 31].

In support of his request, Defendant states that he has complied with all conditions of his supervised release. *See* [Doc. No. 31] at 2. He further states that he has maintained steady employment for almost two years, reaching a supervisory role, and plans to start his own business next year. *Id*.

---

[1] Judge Stephen P. Friot was originally assigned to the case and sentenced Defendant. The matter has since been reassigned to the undersigned. *See* [Doc. No. 32].

In response, the Government offers that having conferred with the United States Probation Office, it opposes early termination. The Government acknowledges that Defendant has "generally performed well" while under supervised release, but there have been five instances of unconfirmed positive urinalyses for alcohol during his period of supervision. [Doc. No. 34] at 2. Furthermore, the Government opposes the request as it maintains Defendant's probation requirements are limited and that he has not provided a sufficient basis for early termination of his supervision. *Id*. at 2-3.

A district court has discretionary authority to terminate a term of supervised release and discharge the defendant at any time after expiration of one year of supervision if, after considering certain factors under 18 U.S.C. § 3553, the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *See* 18 U.S.C. § 3583(e)(1); *see also Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).

Upon consideration of Defendant's Motion, the Government's Response and the factors set forth in § 3553, the Court finds that early termination of Defendant's term of supervised release is not warranted at this time. The Court certainly commends Defendant for the progress he has made during his period of supervision and the Court encourages Defendant to successfully complete the remainder of his term.

IT IS THEREFORE ORDERED that Defendant's Motion for Early Termination of Supervised Release [Doc. No. 31] is DENIED without prejudice.

IT IS SO ORDERED this 18th day of December, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE